COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:           In re Rail Logix Dayton, LLC

Appellate case number:      01-22-00448-CV

Trial court case number:     2021-77903

Trial court:               270th District Court of Harris County

On June 16, 2022, relator, Rail Logix Dayton, LLC, filed a petition for writ of mandamus challenging the trial court's May 9, 2022 order denying Rail Logix's motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. On August 1, 2022, Rail Logix filed a motion to stay the trial court proceedings pending this Court's review of its petition for writ of mandamus. In its motion, Rail Logix argues that a stay is necessary to "ensure that the parties' and the trial court's resources are not spent litigating a case that has no merit."

In its mandamus petition, and its motion for stay, Rail Logix notes that this is not the first lawsuit, or appeal, initiated by real party in interest HouReal Corporation related to the ownership of the property which is the subject of the dispute in the underlying litigation. Specifically, Rail Logix notes that this Court recently issued an opinion in appellate case number 01-20-00553-CV, in which this Court concluded that "HouReal breached the earnest money contract" it had with Rescue Concepts, Inc., and confirming that "HouReal has no interest in" the property at issue in both lawsuits. *See Rescue Concepts Inc. v. HouReal Corp.*, --- S.W.3d ----, 2022 WL 2976299, at *14 (Tex. App.—Houston [1st Dist.] 2022, no pet. h.).

Despite the mandamus petition, and this Court's opinion in the appeal from the first lawsuit, Rail Logix states that HouReal has continued litigating the underlying lawsuit, including seeking entry of a new docket control order, serving seventy "extremely broad requests for production," and filing a Notice of Lis Pendens. Rail Logix argues that, to the extent this Court concludes that mandamus relief is warranted and "HouReal's claims against Rail [Logix] should have been dismissed . . . the entire lawsuit will be resolved." Therefore, Rail Logix argues, the "parties should not have to incur attorneys' fees in continuing to litigate this case . . . if this Court's ruling will result in the disposition of the entire lawsuit."

Rail Logix's motion does not include a certificate of conference stating whether there was an attempt to confer with HouReal regarding the merits of the motion and whether HouReal was opposed to the relief requested. *See* TEX. R. APP. P. 10.1(a)(5). However, more than ten days have passed and HouReal has not filed a response to the motion to stay trial court proceedings. *See* TEX. R. APP. P. 10.3(a).

Rail Logix's motion to stay trial court proceedings is **granted**. *See* TEX. R. APP. P. 52.10. Proceedings in trial court case number 2021-77903 are **stayed**. This stay is effective until disposition of Rail Logix's petition for writ of mandamus or further order of this Court.

It is so ORDERED.


Judge's signature: _____/s/ April Farris_____
        ☑ Acting individually    ☐ Acting for the Court

Date: _____August 23, 2022_____